UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRANCE KENDRICKS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01374-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on August 27, 2014.  (Doc. 1).

**PROCEDURAL HISTORY**

　　　　A.  <u>Failure To Adhere To The Specificity Requirement of Habeas Pleading</u>.

　　　　The "Rules Governing Section 2254 Cases" provide that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains: "'(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).

1

Implicit in Rule 2(c) is that petitioners should not group together various disparate and unrelated claims of constitutional violations within one ground for relief. Rather, each constitutional claim should be listed separately and distinctly, supported by its own allegations of fact.

Here, Petitioner lists three grounds for relief. The first ground is premised upon diplomatic immunity from prosecution by the state court. The second ground for relief, however, combines claims of an unlawful arrest, an unconstitutional search and seizure, a coerced confession, and a violation of Petitioner's right to remain silent. Similarly, Ground three combines claims of denial of the right to counsel, an unconstitutional petit jury, prosecutorial misconduct in withholding exculpatory evidence, and the denial of Petitioner's right to appeal.

Grounds two and three clearly violate the specificity requirements for habeas pleading contained in Rule 2 by combining multiple and disparate constitutional claims within the same ground for relief. This is not merely a technical defect, but a practical problem since such "kitchen sink" pleadings make it extremely difficult for both Respondent and the Court to identify which underlying facts go with which claimed constitutional violations and to separately address and analyze those discrete constitutional violations. Grouping disparate claims together also makes it difficult for the Court to determine which, if any, of Petitioner's claims have been fully exhausted in state court.

Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in separate and discrete claims for relief.

B. <u>Exhaustion of Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88

1  F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme

2  Court.  A federal court will find that the highest state court was given a full and fair opportunity to

3  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

4  basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,

5  1719 (1992) (factual basis).

6      Additionally, the petitioner must have specifically told the state court that he was raising a

7  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

8  Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

9  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

10      Here, Petitioner appears not to have presented any of the claims in Ground two, or the denial of

11  the right to appeal argument in Ground three, to the California Supreme Court.  In his amended

12  petition, Petitioner must provide specific information regarding what claims he has raised in the

13  California Supreme Court, when those claims were denied, as well as, if possible, copies of the state

14  high court's orders denying those claims.

15      C.  Failure to Name A Proper Respondent.

16      A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

17  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

18  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

19  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

20  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

21  "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

22  1992); see also, Stanley, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions

23  is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or

24  parole, the proper respondent is his probation or parole officer and the official in charge of the parole or

25  probation agency or state correctional agency.  Id.

26      Here, Petitioner has named as Respondent "the People of the State of California."  However,

27  "the People of the State of California" is not the warden or chief officer of the institution where

28  Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is

1    presently confined at the California State Prison, Sacramento, California.  The current director or
2    warden of that facility is Jeff Macomber.  Jeff Macomber is the person Petitioner should name as
3    Respondent.

4          Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
5    lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th
6    Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).
7    However, the Court will give Petitioner the opportunity to cure this defect by filing an amended
8    petition that names the proper respondent, such as the warden of his facility.  <u>See</u> <u>West v. Louisiana</u>,
9    478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en
10   banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of</u>
11   <u>Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). **In any amended petition, Petitioner must name a**
12   **proper respondent**.

13         For all of the foregoing reasons, the instant petition is deficient.  Petitioner will be required to
14   file an amended petition containing sufficient information for the Court to proceed with the case.

15         Accordingly, it is HEREBY ORDERED that:

16   1.  The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is
17       GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST
18       AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is
19       DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28
20       U.S.C. § 2254.

21         Petitioner is forewarned that his failure to comply with this Order may result in an Order of
22   Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

23

24   IT IS SO ORDERED.

25      Dated:   **September 8, 2014**                    **/s/ Jennifer L. Thurston**
26                                                                  UNITED STATES MAGISTRATE JUDGE

27

28