UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRANCE KENDRICKS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01374-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>30-DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on August 27, 2014. (Doc. 1). On September 25, 2014, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes.

**PROCEDURAL HISTORY**

After conducting a preliminary screening of the original petition, the Court, on September 8, 2014, ordered Petitioner to file an amended petition. (Doc. 8). In that order, the Court explained that lumping various disparate constitutional claims together was impractical and made the Court's habeas review responsibility unnecessarily difficult. The Court also pointed out that Petitioner had named an improper respondent, thus depriving the Court of personal jurisdiction. The September 8, 2014 order gave Petitioner thirty days within which to file a first amended petition rectifying the problems identified in that order. To date, Petitioner has failed to respond, except to consent to the jurisdiction

1

of the Magistrate Judge. (Doc. 9). Petitioner has not communicated with the Court in over three months.

## DISCUSSION

The Court has the inherent authority to dismiss a habeas corpus petition if the petitioner fails to pursue his claims in a timely manner. In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

However, before proceeding to an analysis of whether the petition should be dismissed, the Court will permit Petitioner to respond to this Order to Show Cause and show good cause why the petition should not be dismissed for lack of prosecution. Petitioner's failure to respond to this Order to Show Cause, or, in lieu of a response, to submit a first amended petition within the time set forth in this Order for a response, shall result in the dismissal of the original petition for failure to prosecute.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for failure to prosecute.

**Petitioner is forewarned that his failure to comply with this order may result in an Order dismissing the Petition pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **January 8, 2015**                     /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE